Pat B. Pitchayan, Esq.
Pitchayan & associates, P.C.
72-30 Broadway - 3rd Floor
Jackson Heights, New York 11372
Phone: 718-478-9272
E-mail: Pat@Pitchayanlaw.com
*Attorney for Defendant, Jericho Hotels, LLC*

---

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STACY MERCER, an individual, | : | |
| | : | |
|    Plaintiffs, | : | |
| | : | Case No. 1:19-cv-05604-VSB |
| v. | : | |
| | : | |
| JERICHO HOTELS, LLC, a New York Corporation | : | |
| | : | |
|    Defendant. | : | |
| | : | |

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## <u>MEMORANDUM IN SUPPORT OF MOTION</u>

**I.     INTRODUCTION**

Plaintiff Stacy Mercer ("Stacy") asserts Defendant Jericho Hotels, LLC (the "Defendant") website located at http://www.innatjericho.com/ does not contain information on compliance with the Americans with Disabilities Act ("ADA") and the ADA Accessibility Guidelines (the "ADAAG") or the hotel's accessibility. Defendant has remedied all alleged violations of the ADA and the ADAAG raised by Plaintiff in her Complaint ("Complaint"). The Defendant's website is now compliant with the ADA and ADAAG, and therefore the claims raised in Plaintiff's Complaint are moot and the Complaint must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction.

Further, Plaintiff lacks standing to sue because she cannot demonstrate that she suffered an injury in fact nor can she demonstrate a future injury that is actual or imminent, which is a necessary element in demonstrating an entitlement to injunctive relief. Therefore, the Plaintiff's Complaint must also be dismissed under Fed. R. Civ. Pro. 12(b)(1), again for a lack of subject matter jurisdiction. Plaintiff also makes claims under New York State Humans Rights Law, and New York City Human Rights Law. Should this Court properly dismiss the Plaintiff's federal claims under the Americans with Disabilities Act, it should also dismiss the Plaintiff's state law claims for lack of federal jurisdiction.

**II.    STATEMENT OF FACTS**

Plaintiff is a resident of New York and was at all times relevant to the matters asserted in the Complaint ("Complaint"). (Complaint at ¶ 7). Plaintiff also represents, she suffers from paraplegia (Complaint at ¶ 8). Defendant is a New York corporation. (Complaint at ¶ 9). Defendant owns and operates a hotel known as Inn at Jericho (the "Hotel").

Plaintiff alleges that she visited the Hotel's website http://www.innatjericho.com/ (the "Website") to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to her, and whether she could independently reserve an accessible room at the Hotel, in the same manner as those seeking to reserve non-assessible rooms. She further alleges that the Website does not comply with The Americans with Disabilities Act (the "ADA") and the ADA Accessibility Guidelines (the "ADAAG"). (Complaint, at ¶ 20).

Importantly, the Hotel has undertaken to remedy the alleged infirmities with its site and has completed all necessary improvements to make the website, http://www.innatjericho.com/, accessible and compliant with the ADA and ADAAG standards. (Affidavit of Mukesh Patel attached as Exhibit "1," at ¶ 4). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "[the] court may consider evidence outside the pleadings, such as affidavits and exhibits." *Del-Orden v. Bonobos, Inc.,* No. 17 Civ. 2744 (PAE) (SDNY Dec. 20, 2017), citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## III.    PROCEDURAL POSTURE

Plaintiff commenced this suit by filing a Summons and Complaint with the United States District Court for the Southern District of New York on June 14, 2019. (ECF Docs. 1 & 2).  On August 2, 2019, Defendant was served with the Summons and Complaint. Defendant has to file an answer on or before August 23, 2019.

## IV.    LAW AND ARGUMENT

### A.    Legal Standard: Rule 12(b)(1) Motion to Dismiss

Under Fed. R. Civ. Pro. 12(b)(1) a court may properly dismiss a claim for lack of subject matter jurisdiction, "when the district court lacks that statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Article III, § 2 of the United States Constitution limits the jurisdiction of the federal courts to matters that present actual

"cases and controversies," therefore, "an actual controversy must be extant at all stages of review." *Del-Orden v. Bonobos, Inc.,* No. 17 Civ. 2744 (PAE) (SDNY Dec. 20, 2017), quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis*, 569 U.S., at 72.

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists." *Giammatteo v. Newton*, 452 Fed. App'x 24, 27 (2d Cir. 2011) citing *Makarova*, 201 F.3d, at 113. "In resolving a motion to dismiss for lack of subject matter jurisdiction, 'the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.'" *Del-Orden,* citing *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). But "jurisdiction must be shown affirmatively" by the plaintiff "and that showing is not made by drawing from the pleading inferences favorable to the party asserting it." *Shipping Fin. Servs. Corps. V. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); see also *APWU v. Potter*, 343 F.3d 619 623 (2d Cir. 2003); *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "[the] court may consider evidence outside the pleadings, such as affidavits and exhibits." *Del-Orden*, citing *Makarova*, 201 F.3d, at 113.

**B.**   **The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction**

    **1.**   **The Plaintiff's Claims Are Moot Because Defendant Has Remedied All Alleged ADA Violations and The Hotel Website Renovations Render This Suit Moot.**

Since the inception of this lawsuit, Defendant, in a good faith effort to comply with the ADA and ADAAG standards applicable to websites of places of public accommodation under Title III of the ADA, has remedied all alleged violations of the ADA, therefore mooting this case and demonstrating that no actual case or controversy exists (Patel Aff. at ¶¶ 4-9.) The existence, at

4

all stages of the litigation, of an actual case or controversy is a requirement under the United States Constitution for a federal court to exercise subject matter jurisdiction over a defendant.  As a result of Defendant's remediation of the alleged ADA violations, this case is moot, and the Court therefore lacks subject matter jurisdiction and must dismiss the Plaintiff's Complaint.

The Hotel's website, http://www.innatjericho.com/, has undergone updates and since they have been completed, the alleged deficiencies claimed by the Plaintiff in her Complaint no longer exist. (Patel Aff. at ¶ 4-9.) Thus, Plaintiff's claims are moot and must be dismissed for lack of subject matter jurisdiction.

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). Therefore, "an actual controversy must be extant at all stages of review." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72.

"[F]actual changes made by a defendant after litigation has commenced cannot render a case moot unless it is absolutely clear the defendant cannot resume the allegedly offending conduct." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000)). However, "[t]he voluntary cessation of allegedly illegal activity may render a case moot 'if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Id.* (quoting *Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996)).

Here, Defendant has shown that the website has undergone corrective measures such that Plaintiff's claim is rendered moot. (Patel Aff. at ¶ 4.) The injunctive relief Plaintiff seeks is no longer available to Plaintiff, as the alleged issues have been remedied by Defendant. (Patel Aff. at ¶ 4.) Further, there is no reasonable expectation that the alleged violation will recur as Defendant is committed to keeping its website up to date. (Patel Aff. at ¶¶ 7-9.) The new website design completely and irrevocably eradicates the effects of Defendant's alleged violations. There is no longer any barrier to any portion of Defendant's website, thus, no basis for Plaintiff Mercer's complaint exists.

As Defendant has shown that the website in question is now accessible by Plaintiff Mercer's screen reader, the case is moot and the court lacks subject matter jurisdiction over the matter.

    **2.**    **Plaintiff lacks standing because she cannot prove an injury in fact.**

Article III, Section 2 of the United States Constitution sets forth:

> **The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more states;--between a state and citizens of another state;--between citizens of different states;--between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects.**

This clause, known as the "Case or Controversy Clause" stands for the proposition that in order to avail himself or herself of the federal courts, a litigant must have standing to sue. "The doctrine of standing [. . .] requires federal courts to satisfy themselves that 'the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction.' *Warth v. Seldin,* 422 U.S. 490, at 498-499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). [Plaintiff] bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Institute,* 555 U.S. 488, 493, 129 S.Ct. 1142, 1149, 173

L.Ed.2d 1, 6 (2009).

In order to have standing to sue, there must be an actual case or controversy to be litigated. The "'irreducible constitutional minimum' of standing consists of three elements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, at 560, 112 S.Ct. 2130 (1992). The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.,* at 560-561, 112 S.Ct. 2130; *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.,* 528 U.S. 167, at 180-181, 120 S.Ct. 693 (2000). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990)." *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016). When the case is at the pleading stage, "the plaintiff must 'clearly . . .allege facts demonstrating' each element. *Warth v. Seldin,* 422 U.S. 490, at 518, 95 S.Ct. 2197 (1975)." *Id.*

Specifically, in this case, the element of injury in fact cannot be demonstrated by the Plaintiff. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' *Lujan,* 504 U.S., at 560, 112 S.Ct. 1230." *Id*., at 1548.

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.' *Ibid*., n. 1; see also, e.g., *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, at 342, 126 S.Ct. 1854 [2006] ('plaintiff must allege personal injury'); *Whitmore v. Arkansas,* 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) ('distinct'); *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) ('personal'); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc*., 454 U.S. 464, at 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (standing requires that the plaintiff 'personally has suffered some actual or threatened injury');

*United States v. Richardson,* 418 U.S. 166, 177, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974) (not 'undifferentiated'); *Public Citizen, Inc. v. National Hwy. Traffic Safety Admin.,* 489 F.3d 1279, 1292-1293 (C.A.D.C.2007) (collecting cases)." *Id*.

    While particularization is necessary to establish injury in fact, it is not sufficient alone. The alleged injury in fact must also be "concrete." *Id*. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Id*. An injury does not have to be tangible in order to be recognized as concrete. Intangible injuries can be concrete. See, *Pleasant Grove City v. Summum,* 555 U.S. 460, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009) (free speech); *Church of Lukumi Babalu Aye, Inc. v. Hialeah,* 508 U.S. 520, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993) (free exercise).

    In figuring out whether an alleged intangible harm constitutes injury in fact, "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing as basis for a lawsuit in English or American courts. See, *Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 775-777, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000)." *Spokeo, Inc.,* 136 S.Ct., at 1549. Additionally, since "Congress is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is also instructive and important. Thus [. . .] Congress may 'elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate at law.'" *Id*., citing, *Lujan,* supra, 504 U.S., at 578, 112 S.Ct. 2130.

    "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.  <u>Article III standing requires a concrete injury even in the context of a statutory  violation</u>." *Id*. (emphasis added). But this does not mean, "that the risk of real harm cannot satisfy the requirement of concreteness. See,

e.g., *Clapper v. Amnesty Int'l USA,* 568 US, 133 S.Ct.  1138, 185 L.Ed.2d 264." *Id.*  For example, in cases where harm may be difficult to prove such  as libel, slander per se, or a violation of procedural right granted by statute, there may still be standing to sue because "the law has long permitted recovery by certain victims even if their harms may be difficult to prove or measure.' *Id.*  "[A] plaintiff in such a case need not allege any additional harm beyond the one Congress has identified. See, *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20-25, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998) (confirming that a group of voters' 'inability to obtain information' that Congress had decided to make public is a sufficient injury in fact to satisfy Article III); *Public Citizen v. Department of Justice,* 491 U.S. 440, 449, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989) (holding that two advocacy organizations' failure to obtain information subject to disclosure under the Federal Advisory Committee Act 'constitutes a sufficiently distinct injury to provide standing to sue')." *Id.*, at 1549-1550.

Here, Plaintiff lacks standing because she cannot prove any concrete harm. As Defendant operates a hotel, Inn at Jericho located at 101 Jericho Turnpike, Jericho, NY 11753. However, Plaintiff is not dependent on Inn at Jericho, because Plaintiff on occasions desires to stay at local or nearby hotels, especially up market hotels, for a "staycation" where she can enjoy amenities not available at home, that she can enjoy at more local hotels that are in the City of New York instead of going all the way to Long Island. Furthermore, the cost to Plaintiff would cheaper because she would save the travelling cost.

Plaintiff is a serial Plaintiff. With nearly 70 cases filed in the Southern District of New York, alleging violations of Title III of the ADA, she is clearly not seeking redress from the courts for the right reasons. Moreover, the intent of Congress in passing Section 302 (a) of Title III of the ADA, 42 U.S.C.§ 12101 et seq., was not to open the litigation flood gates to  burden the courts

with cases and controversies when a plaintiff is not actually harmed, but instead plaintiff here is attempting to use the law to advance her own self-serving agendas.  Much like the reasoning for denying standing in *Summers*, supra, Plaintiff fails to demonstrate a cognizable concrete injury-in-fact. In *Summers*, the plaintiff alleged he had standing to challenge certain regulations surrounding certain property in the National Forest system. The Supreme Court found that the plaintiff lacked standing because he could not demonstrate that the regulations, he was attempting to challenge would directly affect parcels of property that he had visited or planned to visit. "The national forests occupy more than 190 million acres, an area larger than Texas. [citation omitted]. There may be a chance, but it is hardly a likelihood, that Bensman's wanderings will bring him to a parcel about to be affected by a project unlawfully subject to the regulations." *Summers,* 555 U.S., at 495.

Similarly, Plaintiff is like the wandering plaintiff in the forest. She may eventually stumble upon a website she could actually use and gain an advantage from, but Defendant's website is not one of those websites. It is illogical that she would choose to use Inn at Jericho all the way in Long Island for "staycation" when she has plenty of options in the New York City. Much like the likelihood of the plaintiff in *Summers* stumbling upon a parcel that would be affected by the challenged regulation was unlikely, Plaintiff's stumbling upon of the Defendant website, for which she has no credible claim of making use of, is remote and should be a basis in which to deny standing.

## V.    CONCLUSION

For the foregoing reasons, the Plaintiff's Complaint should be dismissed as against the Defendant, Jericho Hotels, LLC.

/s/ Pat B. Pitchayan
Pat B. Pitchayan, Esq.
Pitchayan & Associates, P.C.
*Attorneys for Defendant*