Pat B. Pitchayan, Esq.
Pitchayan & associates, P.C.
72-30 Broadway - 3rd Floor
Jackson Heights, New York 11372
Phone: 718-478-9272
E-mail: Pat@Pitchayanlaw.com
*Attorney for Defendant, Jericho Hotels, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| STACY MERCER, an individual, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 1:19-cv-05604-VSB |
| v. | : | |
| | : | |
| JERICHO HOTELS, LLC, a New York Corporation | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED DISCOVERY**

**MEMORANDUM IN SUPPORT OF MOTION**

I.     INTRODUCTION

Binding precedent and the applicable rules of civil procedure authorize abating all or part of proceedings pending adjudication of case dispositive motions. Indeed, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). This includes staying discovery pending resolution of a case dispositive motion. *See, e.g.*, Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). In addition, Rule 26(c) of the Federal Rules of Civil Procedure provides that upon good cause shown, the court "may make any order which justice requires to protect a party or person from … undue burden or expense. To stay discovery under Rule 26(c) due to a pending dispositive motion, 'good cause and reasonableness' must exist. Further, a good cause for discovery exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party. *See* Spencer Trask Software and Information Services, LLC v. Rpost International Limited, 206 F.R.D. 367 (S.D.N.Y. 2002).

Defendant respectfully submits that Plaintiff's Motion for Discovery should be denied because good cause exists for a stay of discovery, and the stay would serve the interests of justice and efficiency and cause no prejudice to Plaintiff.

II.    LAW AND ARGUMENT

Fed. R. Civ. P. 26(c) gives the Court discretion to order a stay of discovery upon a showing of "good cause." Spencer Task Software & Info. Servs., LLC v. RPost Intern. Ltd., 206 F.R.D. 367,

368 (S.D.N.Y. 2002); *see also* Rivera v. Heyman, No. 96 Civ. 4489(PKL), 1997 WL 86394, *1 (S.D.N.Y. Feb. 27, 1997) ("trial court has considerable discretion to control the discovery process in the cases before it"). The filing of a motion to dismiss can provide good cause for a discovery stay, especially where, as here, the stay is for a short period of time and will cause no prejudice to the opposing party. *See* Picture Patents, LLC v. Terra Holdings LLC, No. 07 Civ. 5465(JGK)(HBP), 2008 WL 5099947, *2 (S.D.N.Y. Dec. 3, 2008) (quoting Spencer, 206 F.R.D. at 368 ("Good cause may be shown where a party has filed . . . a dispositive motion, the stay is for short period of time, and the opposing party will not be prejudiced by the order.")). In Bell Atl. v. Twombly, the Supreme Court explained that initial consideration of the pleadings is a way to avoid "potentially enormous expense of discovery." 550 U.S. 544, 559 (2007).

This Court considers several factors to determine whether a stay of discovery pending resolution of a dispositive motion is appropriate, including (1) the strength of the dispositive motion; (2) the breadth of the discovery sought and the burden imposed on the responding party; and (3) the prejudice a stay would have on the non-responding party. *See* Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., No. 09 Civ. 5874(RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept.1, 2009 7, 1996). All three of these factors strongly favor denying Plaintiff's discovery motion pending the adjudication of Defendant's motion to dismiss.

First, courts regularly stay discovery pending a decision on dispositive motions to avoid the burden and expense of discovery which the decision may render unnecessary. *See id*. (granting stay pending motion to dismiss because it "could avoid the need for costly and time-consuming discovery"); *see also*, Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). A stay is appropriate where the dispositive motion does not appear "to be without foundation in law" or, in other words, has "substantial grounds." Chrysler Capital Corp. v. Century Power Corp., 137

F.R.D. 209, 210-11 (S.D.N.Y. 1991). Here, Defendant's motion has substantial ground to dismiss this complaint for lack of subject matter jurisdiction. Defendant's argument is supported primarily, if not exclusively, by controlling authority from the Supreme Court, the Second Circuit, and Southern District of New York. As a result of Defendant's remediation of the alleged ADA violations, this case is moot. If Defendant's motion to dismiss is granted, it will result in its dismissal from this action and will thereby obviate the need for the requested discovery.

Second, this Court recognizes that staying discovery while a potentially dispositive motion is pending "might avoid the need for costly and time-consuming discovery." Gandler v. Nazarov, No. 94 Civ. 2272, 1994 WL 702007, *4 (S.D.N.Y. Dec. 14, 1994). Plaintiff has not made a specific document request in her discovery motion, however, she claims that Plaintiff requires discovery on Defendant's post-filing actions which are solely in Defendant's possession. Plaintiff's statement is not true. Defendant's website, http://www.innatjericho.com/, has undergone updates and remedied all alleged violations of the ADA. Defendant's website is accessible to everyone throughout the country. Anyone can go to Defendant's website and confirm whether it is ADA compliant or not. There is nothing which is solely in Defendant's possession. In such circumstances, proceeding with discovery would waste the parties' resources and would constitute an undue burden on defendant. The Court and the parties should not be forced to expend their resources on discovery that may ultimately turn out to be unnecessary. See Spencer, 206 F.R.D. at 368.

Third, Plaintiff has not shown that she will be prejudiced by a stay of discovery on her claim against Defendant. A stay of discovery will be temporary and will last only for the duration of briefing and ruling on Defendant's motion to dismiss. See, e.g., McLafferty v. Deutsche Lufthansa A.G., Civil Action No. 08-1706, 2008 WL 4612856, *2 (E.D. Pa. Oct. 15, 2008) (delay experienced by plaintiff by stay pending resolution of motion to dismiss would do little to prejudice the plaintiff

at this early stage of litigation and would promote Twombly's goal of determining whether the plaintiff had pled facts necessary to allow its claim to proceed). Further, Defendant does not seek a stay of discovery to delay this litigation gratuitously. Rather, given that the pending motion to dismiss may be dispositive of the entire action, Defendant seeks to avoid the costs and burden of discovery where the motion to dismiss sets forth substantial grounds that may render such discovery unnecessary.

Plaintiff relies on 1964 Realty LLC v. Consulate of the State of Qatar-New York, 2015 U.S. Dist. LEXIS 118547 to support her motion for limited discovery. However, 1964 Realty LLC is inapposite here. Unlike here, in 1964 Realty LLC, the Foreign Sovereign Immunity Act Jurisdiction was in question, and defendant had explicitly waived immunity from the jurisdiction of the courts of the United States. Further, in 1964 Realty LLC, the court held that courts generally require that plaintiffs be given an opportunity to conduct discovery on those jurisdictional facts at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party, citing Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004). However, in the instant case at bar, Defendant's website is not solely within the knowledge of Defendant, but available to everyone. Anyone can go the Defendant's website and confirm whether it is ADA compliant or not.

Further, Plaintiff attempts to prevent this Court from dismissing this case as moot by citing to Defendant's President, Mukesh Patel's affidavit as being completely self-serving, as someone who has everything to gain and is therefore completely unreliable. However, Plaintiff has no proof to the contrary that Mr. Patel's affidavit is self-serving and that what is averred is unreliable. Plaintiff has failed to proffer any proof to the contrary. Plaintiff's argument discounts the facts that Mr. Patel is in the best position to swear that the conduct will not reoccur. It makes no sense for Defendant to allow the website to become non-compliant. Defendant is now on notice that it can be sued for this

conduct again should it be repeated and should it fail to continue to monitor and update the website to keep it compliant with the evolving standards of the ADA in the digital age. Defendant stands by its commitment to keep the website compliant because it has incentive to do so – it is far cheaper to keep the website in compliance than to face another ADA discrimination lawsuit.

Further, Defendant does not challenge the high bar for mooting a case based upon voluntary cessation of the act underlying the reason for the request for injunctive relief. However, the Defendant has met its burden and the Plaintiff has utterly failed to demonstrate that the injunctive relief requested is needed. Plaintiff has failed to demonstrate that there is danger of the recurrence of the alleged violation. Plaintiff's motion should be denied in its entirety because Plaintiff has failed to proffer any evidence at all other than supposition and suspicion to refute the evidence provided by the Defendant that the website is now ADA compliant and Defendant has cured any alleged defects.

## III.   CONCLUSION

For the foregoing reasons, Defendant, Jericho Hotels, LLC, respectfully requests that Plaintiff's motion be denied by staying discovery pending the Court's resolution on its motion to dismiss Plaintiff's Complaint.

/s/ Pat B. Pitchayan
Pat B. Pitchayan, Esq.
Pitchayan & Associates, P.C.
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that on September 30, 2019, a copy of the foregoing was filed and served via NYSD-ECF to the following:

Hector Ramirez Esq.
Law office of Nolan Klein
5550 Glades Road, Ste. 500
Boca Raton, Fl 33431

*Attorneys for Plaintiff*

                                                            By: /s/ Pat B. Pitchayan
                                                                  Pat B. Pitchayan, Esq.