```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
 STACEY MERCER,                                             :
                                                            :
                              Plaintiff,                    :
                                                            :         19-CV-5604 (VSB)
                - against -                                 :
                                                            :         **OPINION & ORDER**
                                                            :
 JERICHO HOTELS, LLC,                                       :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/2019

Appearances:

Hector V. Ramirez
Law Offices of Nolan Klein, P.A.
Boca Raton, FL
*Counsel for Plaintiff*

Pat B. Pitchayan
Pitchayan & Associates, PC
Jackson Heights, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff's motion for limited discovery in connection with Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction. (Doc. 14.) For the reasons stated below, I grant Plaintiff limited discovery on the issue of subject matter jurisdiction and set a briefing schedule on Defendant's motion to dismiss.

### I.    Factual Background and Procedural History

      Plaintiff, Stacey Mercer, filed the complaint in this action on June 14, 2019, seeking injunctive relief, attorney's fees, and litigation costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and the ADA Accessibilities Guidelines ("ADAAG"),

28 C.F.R. Part 26; and injunctive relief and damages pursuant to the New York State Human Rights Law, and the New York City Human Rights Law. (Doc. 1.) Plaintiff's complaint alleges[1] that the Defendant, Jericho Hotels—the owner of a hotel known as the Inn at Jericho—maintained a hotel reservation website[2] plagued by various ADA accessibility deficiencies. (*Id.* at 1–2.) Specifically, Plaintiff alleges that Defendant failed to "ensure that all of its reservation systems . . . (a) identify and describe disabled accessible features of the Hotel in detail; (b) identify and describe specific accessibility features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether the Hotel common areas and guestrooms meet their individual accessibility needs (by describing accessible and inaccessible features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms." (*Id.*) Plaintiff characterizes her list of Defendant's alleged failures as a "non-exclusive list of requirements imposed by 28 C.F.R. § 36.302(e)(1)." (*Id.* at 2 n.1.)

On August 23, 2019, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff's claims were moot because Defendant had "undertaken to remedy the alleged infirmities with its site and has completed all necessary improvements to make the website . . . accessible and compliant with the ADA and ADAAG standards." (Doc., 10 at 3.) Defendant's motion argued for application of the classic doctrine of mootness based on a defendant's voluntary cessation of the alleged wrongdoing. Defendant's motion was supported by an Affidavit from Mukesh Patel (hereinafter "Patel Affidavit"), the President of Jericho

---

[1] My references to these allegations should not be construed as a finding as to their veracity, and I make no such finding.

[2] Defendant's website, the allegedly deficient website giving rise to the complaint in this action, is located at the internet address http://www.innatjericho.com/. (Doc. 11, at ¶ 3.)

2

Hotels, LLC, and the owner and operator of the Inn at Jericho and its website. (Doc. 11, at ¶¶ 2–3.) The Affidavit stated, in relevant part:

> 4. Prior to the inception of this lawsuit, Defendant had undertaken to comply with the Americans with Disabilities Act (the "ADA") and the ADA Accessibility Guidelines (the "ADAAG"), and before the Complaint was served upon the Defendant, its website was compliant with the ADA and ADAAG standards.
>
> 5. After the service of Complaint, I personally reviewed the Complaint and understand all the alleged deficiencies with the Website alleged in the Complaint.
>
> 6. I have personally made sure that all such deficiencies alleged in the Complaint have been remedied and that no such barriers to access, as alleged, still exist with http://www.innatjericho.com/.
>
> 7. Since http://www.innatjericho.com/ is compliant with the ADA and ADAAG standards, there is no reason for the Defendant to undo the changes that have been made.
>
> 8. Defendant is committed to continue to keep its website up to date and compliant with all applicable standards to make the website as accessible to all as possible.
>
> 9. Defendant does not intend to let its website fall behind the current standards and will continue to keep the website up to date with any new standards because it does not wish to be involved in any further, unnecessary litigation and because of its commitment to being accessible to as many of its patrons, and as much of the public, as possible.

(Doc. 11, at ¶¶ 4–9.)

In light of Defendant's argument and supporting affidavit, Plaintiff filed a letter motion seeking limited discovery on the issue of mootness. (Doc. 8.) After I instructed Plaintiff to file a motion in a format that complied with Local Civil Rule 7.1, (Doc. 12), Plaintiff refiled the motion in the requested form, (Docs. 13, 14). Defendant then filed a memorandum of law in opposition, (Doc. 15), to which Plaintiff replied, (Doc. 16). Plaintiff's motion seeks the opportunity to depose Mr. Patel and a corporate representative, as well as leave to serve written discovery. (Doc. 14, at 10.)

In addition to reviewing the materials submitted in connection with the instant motion, I

have also reviewed a declaration supporting a motion to dismiss for lack of subject matter jurisdiction submitted in another ADA case brought in this district, *Diaz v. Kroger Co.*, No. 18 Civ. 7953 (KPF), 2019 WL 2357531 (S.D.N.Y. June 4, 2019). This separate declaration is relevant because the Patel Affidavit filed by Defendant in the instant case bears a striking resemblance to the declaration submitted in and considered by Judge Failla in *Diaz* (hereinafter "Whiting Declaration" or "Whiting Dec."), which included the following paragraphs:

> 8. Prior to the inception of this lawsuit, [Defendant] has undertaken to comply with the Website Content Accessibility Guidelines ("WCAG") and is compliant with WCAG 2.0 standards.
>
> 9. After [Defendant] was served with the Complaint in this action, I personally reviewed the Complaint and understand all the alleged deficiencies with the [Defendant's] website alleged in the Complaint (and First Amended Complaint).
>
> 10. I have personally made sure that all such deficiencies alleged in the Complaint and First Amended Complaint have been remedied and that no such barriers to access, as alleged, still exist with [Defendant's website].
>
> 11. Since [Defendant's website] is now compliant with the WCAG 2.0 standards, there is no reason for [Defendant] to undo the changes that have been made.
>
> 12. [Defendant] is committed to continuing to keep its website up to date and compliant with all applicable standards to make the website as accessible to all as possible.
>
> 13. [Defendant] does not intend to let its website fall behind the current standards and will continue to keep the website up to date with any new standards because it does not wish to be involved in any further, unnecessary litigation and because of its commitment to being accessible to as many of its patrons, and as much of the public, as possible.

*Diaz v. Kroger Co.*, No. 18 CIV. 7953 (KPF), 2019 WL 2357531, at *3 (S.D.N.Y. June 4, 2019) (quoting Whiting Decl. ¶¶ 8–13) (denying a request for limited discovery and granting a motion to dismiss on mootness grounds based the assurances presented in the Whiting Declaration).

## II. Discussion

When deciding a motion under Rule 12(b)(1), a court may rely on evidence outside the pleadings. *Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015). Accordingly, in resolving claims regarding a lack of jurisdiction, courts have "required that the party asserting jurisdiction be permitted discovery of facts demonstrating jurisdiction, at least where the facts are peculiarly within the knowledge of the opposing party." *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (citing *Inv. Props. Int'l, Ltd. v. IOS, Ltd.,* 459 F.2d 705, 707–08 (2d Cir.1972)).[3]

Here, there are certain facts relevant to determining the Court's jurisdiction that are "peculiarly within [Defendant's] knowledge" and cannot be divined without limited discovery. *Id.* This is so because the standard for demonstrating mootness on a voluntary cessation theory requires a court to find not just that a defendant has "completely and irrevocably eradicated the effects of [any] alleged violation," but also that "there is no reasonable expectation that the alleged violation will recur." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000) (explaining that when a defendant claims that a request for injunctive relief is mooted by the defendant's voluntary compliance with the statute in question, defendant takes on the "formidable burden" of demonstrating that it is "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur"). Although Plaintiff is at least arguably equipped to address the first prong of this standard—*i.e.*, whether any alleged violations have actually been

---

[3] This is true despite the fact that a 12(b)(1) motion cannot be converted into a Rule 56 motion for summary judgment. *See Kamen*, 791 F.2d at 1011; Fed. R. of Civ. P. 12(d) (specifying the procedure for converting a motion under Rule 12(b)(6) into a motion for summary judgment, and affording the opportunity to present additional material outside the pleadings).

5

eradicated—without any discovery,[4] Plaintiff would be hard-pressed to address Defendant's contention that there is "no reasonable expectation that the alleged violation will recur" without more fully discovering Defendant's substantive plans for website maintenance as well as the motives behind any such plans. (Doc. 10, at 5.)

The facts of this case further demonstrate why this is so. Defendant proclaims in the Patel Affidavit that it "is committed to continue to keep its website up to date and compliant," and "does not intend to let its website fall behind." (Doc. 11, at ¶¶ 8–9.) However, Plaintiff cannot competently contest these assertions with an affidavit of her own given her limited personal knowledge of Defendant's motives, commitments, and intent.[5] Similarly, without additional information, in deciding whether this case is truly moot I would have nothing to consider but the two-page barebones Patel Affidavit. Basing a jurisdictional decision on this thin reed of information would be ill-advised, because, as the Second Circuit has recently noted:

> [M]ootness doctrine counsels suspicion in situations in which a defendant deprives a plaintiff of her stake in the litigation. For instance, when a plaintiff seeks an injunction, a defendant who voluntarily ceases the challenged behavior calls into question whether there is any way to redress the injury alleged. A rigid view of mootness would dismiss such an action. . . . To prevent a defendant from strategically pausing their wrongdoing, getting a case dismissed as moot, and then beginning it again after the suit ends (potentially resulting in a new suit), federal law places the burden on the *defendant* who has voluntarily ceased her wrongdoing to prove that mootness should result.

*Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 224 (2d Cir. 2018), *cert. dismissed sub nom. Cadian Capital Mgmt., LP v. Klein*, 139 S. Ct. 1406 (2019). I find that suspicion is particularly warranted here given the near word-for-word overlap between the Patel

---

[4] Plaintiff could do so, for example, merely by visiting Defendant's website again, and filing an affidavit that identifies any existing deficiencies.

[5] Courts in this district prefer, if not require, affiants to have personal knowledge of the information contained in an affidavit. *See, e.g.*, *Diaz*, 2019 WL 2357531, at *4 n.5.

6

Affidavit used by Defendant and the Whiting Declaration discussed in *Diaz* just three months prior.

I note that in *Diaz*, a case substantially similar to the instant matter, Judge Failla granted a motion to dismiss on mootness grounds based primarily on the paragraphs from the Whiting Declaration reproduced above.[6] *See Diaz*, 2019 WL 2357531, at *3–4. In that case, the court stated that the declaration "addresse[d] the deficiencies that courts have identified in defense showings made in support of mootness arguments," with "a level of detail that the Court ha[d] not observed in the other cases it ha[d] reviewed." *Id.* at *3. *Diaz* also rejected the plaintiff's argument that dismissal was premature due to a lack of discovery, reasoning that the "[p]laintiff could readily have accessed [the defendant's website] after reviewing [the d]efendant's submissions to ascertain whether any barriers to the use and enjoyment of the [w]ebsite remain[ed]." *Id.* at *4 n.6. However, although this reasoning clearly addresses a plaintiff's ability to contest the first prong of the voluntary cessation standard, *Diaz* does not cure the likelihood that, without limited discovery, both the Court and a plaintiff will be unable to meaningfully address a defendant's assertion that "the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. at 189 (citation omitted).

### III. Conclusion

For the foregoing reasons, it is hereby:

ORDERED that within fourteen (14) days of this order, Plaintiff may serve five (5) written interrogatories on Defendant, limited to the topic of subject matter jurisdiction, to which Defendant shall answer or object in accordance with Federal Rule of Civil Procedure 33(b).

---

[6] This presumably explains why Defendant thought to use nearly identical language in support of its own motion to dismiss.

7

IT IS FURTHER ORDERED that Plaintiff's request to depose Defendant or a corporate representative is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall file an opposition to Defendant's motion to dismiss for lack of subject matter jurisdiction within fourteen (14) days after receiving Defendant's interrogatory answers.

The Clerk of Court is respectfully directed to close the open motion at Document 14.

SO ORDERED.

Dated: November 18, 2019
      New York, New York

Vernon S. Broderick
United States District Judge